UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANGELA PROENZA,

                                                  **Civil Action No.:**

                Plaintiff,

                                                **COMPLAINT AND JURY**
       v.                                            **DEMAND**


FEDCAP REHABILITATION SERVICES, INC.,


               Defendant.

------------------------------------------------------------------X

       Plaintiff Angela Proenza ("Plaintiff" or "Proenza"), through her attorneys Imbesi Law P.C., brings this action against Defendant Fedcap Rehabilitation Services, Inc. ("Defendant" or "Fedcap") seeking damages and other appropriate relief for her claims, including unlawful discrimination and unlawful employment practices, against Defendant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Equal Pay Act of 1963, 29 U. S. C. § 206(d) ("EPA"), the New York State Human Rights Law, §§ 290 *et seq.* ("State HRL"), the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("City HRL"), and the New York Equal Pay Law, New York Labor Law § 194 ("EPL").

### I.    NATURE OF THE CLAIMS

1.      Plaintiff, a former employee of Fedcap seeks damages and other appropriate relief for the unlawful employment discrimination she experienced while employed at Fedcap.

2. Plaintiff was a victim of discriminatory barriers to equal opportunity advancement. While employed at Fedcap, Plaintiff was treated differently from and paid less than similarly situated male employees, despite having equal or greater skill set.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Equal Pay Act.

4. This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as the events and conduct giving rise to the claims occurred in this District.

## III.   PARTIES

6. Plaintiff Angela Proenza is a resident of Jersey City, New Jersey.

7. Defendant Fedcap Rehabilitation Services, Inc. is a domestic not-for-profit corporation authorized to conduct business in the State of New York. Defendant's principal place of business is located at 633 Third Avenue, 6th Floor, New York, New York 10017.

8. Defendant is an "employer" as defined in the applicable federal, New York State and New York City statutory provisions.

9. Plaintiff is an "employee" as defined in the applicable federal, New York State and New York City statutory provisions.

## IV.   FACTUAL ALLEGATIONS

A. **Background**

10.     Defendant Fedcap is a not-for-profit organization that provides vocational training and employment resources to individuals with disabilities who face barriers to employment. Fedcap employs approximately 4500 employees throughout its multiple office locations.

11.     In August of 2017, Plaintiff began interviewing for a Director of Payroll position with Fedcap.

12.     Plaintiff has two (2) master's degrees and over fifteen (15) years of payroll experience. She is also working towards her doctorate degree.

13.     The online posting Plaintiff submitted her resume and application in response to is set forth below:



3

14. Plaintiff had several interviews for the position - by telephone, Skype and in person. The interviews and communications focused on the Director of Payroll position.

15. During the interviews, Plaintiff and Defendant discussed the director position which included an annual salary of $115,000.

16. Prior to the start date, Defendant informed Plaintiff that she would start as a Payroll Manager on a probationary period, for an annual salary of $100,000. Plaintiff accepted the position with the understanding that after she completed a three (3) months probationary period, she would transition to the position that she interviewed for, Payroll Director, and receive an annual salary of $115,000.

17. On or about September 6, 2017, Plaintiff began working for Fedcap.

**B.  Defendant's Discriminatory Treatment of Plaintiff**

18. After the three (3) month probationary period, Plaintiff approached Carol Khoury, Defendant's Controller, to discuss the director position and increased compensation she had interviewed for. Defendant told her to wait until audit season was complete.

19. In February of 2018, Plaintiff again spoke to Defendant about the director position and compensation that she had interviewed for several months prior.

20. Defendant told Plaintiff it would schedule a time to discuss the change, but it never did.

21. In April of 2018, Plaintiff e-mailed Defendant's Assistant Controller, George Bayiokos, and Ms. Khoury to discuss the director position that she applied and was hired for. Ms. Khoury responded that she would be "happy to meet," but never agreed to schedule the meeting.

22. In late May of 2018, Plaintiff approached Ms. Khoury again to discuss the change. Plaintiff reiterated that she had been attempting to resolve the issue for several months and that it was unfair that she was not in the position that she interviewed and was hired to do and that she was being paid less than male colleagues.

23. In response, Defendant told Plaintiff they would give her an initial review (even though Plaintiff had already worked in the role for eight months) and they would discuss it at the next quarter.

C. **Unequal Pay Based on Plaintiff's Gender**

24. At all times, Plaintiff was compensated significantly less than similarly situated male employees. The differential rate of pay was not due to a seniority system, merit system, a system based on the quantity or quality of production, or any factor other than gender.

25. Male employees that were hired at the Payroll Director level received $115,000 - $125,000. In addition, unlike Plaintiff, the male employees hired at the Payroll Director level were not required to work as a Payroll Manager for the probationary period.

26. Despite Plaintiff's repeated complaints to be compensated the same as similarly situated male employees, Defendant continued to pay her less.

27. Because of Defendant's discriminatory treatment based on Plaintiff's sex, Plaintiff was constructively discharged on June 29, 2018. Plaintiff informed Defendant she was leaving due to the unfair and unequal treatment.

28. Upon information and belief, Defendant replaced Plaintiff with a male employee. Despite having significantly less experience than Plaintiff, he received a salary of $110,000 - $10,000 more than Plaintiff.

D. **EEOC Complaint**

29. On July 27, 2018, Plaintiff submitted a charge of discrimination and retaliation to the Equal Employment Opportunity Commission ("EEOC") alleging a violation of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff alleged that she had been discriminated against based on her sex (female).

30. On September 5, 2018, Plaintiff received a Notice of Right to Sue from the EEOC.

31. This complaint is filed within 90 days of receipt of the notice.

**COUNT I**
**VIOLATION OF TITLE VII, 42 U.S.C. §§ 2000e, *et seq.***

32. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

33. Defendant, an employer within the meaning of Title VII, has discriminated against Plaintiff by treating her differently from and less preferably than, similarly situated males by subjecting her to discriminatory pay in violation of Title VII.

34. Defendant's policies, practices and procedures have led to a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

35. By the actions described above, Defendant has violated Title VII.

36. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

37. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

38. Under 42 U.S.C. § 2000e-5(k), Plaintiff is also entitled to reasonable costs and attorneys' fees.

## COUNT II
## **VIOLATION OF THE EQUAL PAY ACT (29 U.S.C. § 206(d))**

39. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

40. The EPA sets forth that:

> No employer having employees subject to any provisions of this section shall discriminate…between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

41. As set forth above, Defendant, by its conduct, discriminated against Plaintiff in violation of the EPA and forced Plaintiff to endure discriminatory actions affecting and altering the terms, conditions and privileges of her employment. Plaintiff was subjected to a lower pay than similarly situated male colleagues on the basis of her gender, female, even though Plaintiff performed similar duties requiring the same skill, effort and responsibility as her male counterparts and despite having comparable or better experience and qualifications.

42. The differential in pay was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

43. By the actions described above, Defendant has violated the EPA, 29 U.S.C. § 2016 *et seq*.

44. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

45. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to the EPA for damages and such other remedies as may be deemed just and

appropriate.

46. Under the EPA, Plaintiff is also entitled to liquidated damages, reasonable costs and attorneys' fees.

## COUNT III
## VIOLATION OF THE STATE HRL

47. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

48. Defendant Fedcap is an "employer" as defined by the State HRL.

49. Plaintiff is an "employee" as defined by the State HRL.

50. The aforementioned acts of Defendant constitute unlawful sex discrimination against Plaintiff, under the State HRL in violation of Article 15, § 290 *et. seq.* of the New York State Executive Laws and specifically § 296 thereof, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer…because of an individual's…sex…to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

51. Upon information and belief, similarly situated male employees, were treated more favorably (i.e. were compensated at a higher rate for the same work) when involved in similar situations. Said adverse treatment of Plaintiff was based upon her sex rather than any non-discriminatory reason.

52. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

53. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to State HRL § 297(9).

## COUNT IV
## VIOLATION OF THE CITY HRL

54. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

55. Defendant Fedcap is an "employer" as defined in the City HRL.

56. Plaintiff is an "employee" as defined by the City HRL.

57. The aforementioned acts of Defendant constitute unlawful discrimination against Plaintiff in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, § 8-107 under the City HRL, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived…gender… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

58. As set forth above, Defendant, by its conduct, discriminated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of her employment.

59. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

60. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to the City HRL § 8-502 for damages and such other remedies as may be deemed just and appropriate.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW EQUAL PAY ACT

61. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth

herein.

62. New York Labor Law § 194 ("NYLL") sets forth:

No employee shall be paid a wage at a rate less than the rate at which an employee of the opposite sex in the same establishment is paid for equal work on a job the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions, except where payment is made pursuant to a differential based on: a) a seniority system; b) a merit system; c) a system which measures earnings by quantity or quality of production; or 4) a bona fide factor other than sex, such as education, training or experience.

63. As set forth above, Defendant, by its conduct, discriminated against Plaintiff in violation of the NYLL and forced Plaintiff to endure discriminatory actions affecting and altering the terms, conditions and privileges of her employment. Plaintiff was paid less than similarly situated male employees, despite performing similar or the same work and having comparable or better experience and qualifications.

64. The differential in pay was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

65. By the actions described above, Defendant has violated the NYLL.

66. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

67. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to the NYLL for damages and such other remedies as may be deemed just and appropriate.

68. Under the NYLL, Plaintiff is also entitled to liquidated damages, reasonable costs and attorneys' fees.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Compensatory damages in an amount to be determined by a jury sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

b. Economic damages in the form of back pay and compensation for lost benefits, plus pre-judgment interest;

c. Damages in the form of front pay or reinstatement, plus pre-judgment interest;

d. An award of punitive damages sufficient to deter Defendant from engaging in future unlawful conduct;

e. Reasonable costs and attorney's fees; and

f. Any such further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demand a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
October 25, 2018

Respectfully submitted,

By: *Brittany Weiner*
Brittany Weiner, Esq.
Imbesi Law PC
450 7th Avenue, Suite 1408
New York, NY 10123
Tel: (646) 767-2271
Fax: (212) 658-9177
Email: brittany@lawicm.com

11